STATE

v.

Pedro RODRIGUEZ.

No. 2008–98–C.A.

Supreme Court of Rhode Island.

Dec. 13, 2010.

Virginia M. McGinn, Department of Attorney General, for State.

Catherine Gibran, Office of the Public Defender, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Justice GOLDBERG, for the Court.

This case came before the Supreme Court on September 30, 2010, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. The defendant, Pedro Rodriguez (defendant or Rodriguez), appeals from a conviction of possession with intent to deliver cocaine and knowingly possessing one ounce to one kilogram of cocaine while operating a motor vehicle. He was sentenced to concurrent terms of twenty years at the Adult Correctional Institutions (ACI), seven years to serve, thirteen years suspended, and thirteen years probation for each count. On appeal, the defendant contends that the trial justice erred by denying his motion for a judgment of acquittal brought pursuant to Rule 29 of the Superior Court Rules of Criminal Procedure.[1] After reviewing the memoranda submitted by the parties and the arguments of counsel, we are satisfied that cause has not been shown and, thus, the appeal may be decided at this time. We affirm the judgment of conviction.

### Facts and Travel

On July 24, 2003, the Portsmouth Police Department coordinated a controlled purchase of cocaine with the assistance of a cooperating witness, Peter Austin (Austin). The record discloses that Austin had been arrested the day before for delivery of a controlled substance, and thus was motivated to assist the police. At detectives' direction, Austin called his narcotics sup-

---

1. Because Rodriguez flattened his sentence on June 3, 2010, he has moved to withdraw a petition for writ of certiorari, seeking review of the trial justice's denial of his motion to reduce sentence on mootness grounds.

plier from police headquarters and arranged to buy four ounces of cocaine. Before he departed on his mission, Austin's person and vehicle were searched by the police, and he was fitted with a listening device. Detectives instructed Austin to drive over the Mount Hope Bridge, into the town of Bristol, and then to follow Route 136 into the Town of Warren. Several officers, including Det. Sgt. Harry Leonard (Det. Leonard), followed Austin in unmarked police vehicles.

While en route, Det. Leonard began to fear that the operation was getting too close to the Commonwealth of Massachusetts (and outside of this state's jurisdiction). Austin was instructed to drive into the parking lot of a bus company in Warren and wait for his contact. The plan was to have Austin feign car trouble and ask the courier to meet him in Warren. Detective Leonard parked nearby with full view of Austin's vehicle. At least two other detectives also were in the vicinity of the vehicle.

When he spotted defendant's gray Chrysler drive past his location, Austin alerted the officers; the Chrysler then doubled back and stopped next to Austin's vehicle. As defendant exited and approached Austin, detectives moved in and arrested him. The defendant was observed tossing a blue plastic shopping bag under Austin's car. The bag contained what the officers suspected to be cocaine. According to Det. Steven Calenda, the arresting officer, the cocaine "was in baseball form, almost the same size as a baseball. It contained mostly rock [cocaine] but there was some powder also."

*Miranda* warnings were given at the scene and defendant was transported to Warren police headquarters, where officers asked him if there were any other narcotics in his vehicle. When defendant admitted that there was more cocaine hidden in the car, he was escorted to the vehicle, where he accessed a highly sophisticated secret compartment that was in the area of the passenger-side airbag.[2] A small black bag containing another baseball-sized rock of cocaine and thirteen smaller bags of cocaine were seized.

On September 18, 2003, defendant was charged by criminal information with possession of cocaine with intent to deliver and possession of more than one ounce of cocaine while operating a motor vehicle. He subsequently was convicted by a jury and sentenced to concurrent terms of imprisonment. The defendant timely appealed, contending that the trial justice erred by denying his Rule 29 motion for judgment of acquittal.

### Standard of Review

A motion for judgment of acquittal should be granted if the evidence, when viewed in the light most favorable to the prosecution, is insufficient to establish the defendant's guilt beyond a reasonable doubt. *State v. Rodriguez*, 996 A.2d 145, 148 (R.I.2010). In reviewing a trial justice's denial of such a motion, this Court applies the same standard: "we 'must view the evidence in the light most favorable to the state, * * * giving full credibility to the state's witnesses, and draw therefrom all reasonable inferences consistent with guilt.'" *Id.* (quoting *State v. Ros*, 973 A.2d 1148, 1159 (R.I.2009)). When so construed, if the evidence is insufficient to establish the defendant's guilt beyond a reasonable doubt, a motion for judgment of acquittal should be granted. *State v.*

---

**2.** While the ignition was running and by operating both the driver and rear passenger automatic windows, simultaneously pressing the emergency brake, and using a magnet in the area of the lights, the hidden hydraulically-operated compartment opened to reveal the cache of drugs.

*Abdullah,* 967 A.2d 469, 474 (R.I.2009). "If a reasonable juror could find the defendant guilty beyond a reasonable doubt, we will not disturb the trial justice's ruling." *Id.*

### Analysis

The only issues before this Court are whether there was sufficient evidence for a jury to find defendant guilty of possession of cocaine with intent to deliver and possession of over an ounce of cocaine while operating a motor vehicle. Rodriguez asserts that the state failed to establish that he had guilty knowledge that he was in possession of cocaine in the blue bag as well as in his automobile; he further contends that the state failed to establish that he had the requisite intent to deliver the cocaine. We will address each argument in turn.

### I

### Knowledge of Nature of Object

■ "In Rhode Island possession within the context of a criminal statute means an intentional control of an object with knowledge of its nature." *State v. Colbert,* 549 A.2d 1021, 1023 (R.I.1988). As such, "[k]nowledge of the nature of the object must necessarily precede the exercise of such control." *Id.* at 1023–24. "Proof of the knowledge of the object, which is essential to conviction, may be shown by evidence of acts, declarations, or conduct of the accused from which an inference may be drawn that he or she knew of the existence of narcotics at the place where they were found." *State v. Kaba,* 798 A.2d 383, 392 (R.I.2002) (quoting *Colbert,* 549 A.2d at 1024).

■ The record before us is replete with evidence from which a jury could find that Rodriguez knew there was cocaine in

the blue bag that he tossed under Austin's car and in the black bag that was seized from his automobile. The evidence disclosed that defendant met Austin in the Warren parking lot to consummate a prearranged drug deal. The defendant was apprehended as he approached Austin's car while carrying approximately four ounces of crack cocaine. When the police arrived, Rodriguez intentionally attempted to discard the bag by throwing it under Austin's car. This evidence is sufficient to prove the element of possession of cocaine. Thus, a jury could conclude that defendant knowingly possessed an enumerated quantity of narcotics.

■ Additionally, defendant argues that there was no evidence that he knew that the black bag, found in the car's hydraulically-operated hidden compartment, contained cocaine. This argument is without merit. The compartment was discovered when Rodriguez, in response to questioning, admitted that more drugs were hidden in his car. The defendant told the officers that the drugs were located in a hidden compartment, and he then proceeded to demonstrate how the compartment was accessed—no simple feat.[3] In light of the fact that Rodriguez was the registered owner of a vehicle engaged in drug trafficking, that he admitted to police that cocaine was stored in his car, and that he was arrested during the commission of a prearranged drug deal, the totality of the circumstances in this case amply supports a jury finding that Rodriguez knew full well that he was in possession of cocaine.

### II

### Intent to Deliver Cocaine

■ To prove possession of cocaine with intent to deliver, "the state must show that a defendant was in possession of

---

3. After viewing photographs of the compartment, the seasoned trial justice described it as

the most sophisticated hiding place he had ever seen.

drugs, had the requisite control over them, and intended to deliver the drugs to others." *State v. Williams,* 656 A.2d 975, 978 (R.I.1995). As discussed, there was direct proof presented to the jury on the elements of knowing possession and control of the narcotics: law enforcement officers witnessed Rodriguez carrying cocaine in the blue plastic bag, and Rodriguez not only admitted to police that there was more cocaine in his car, but also instructed them on how to open the compartment where the drugs were hidden.

As to the last element—whether the defendant had the requisite intent to deliver the cocaine—this Court has held that "a factfinder can infer an intent to deliver illegal narcotics solely on the basis of the amount of the drugs found." *Williams,* 656 A.2d at 978. Here, Rodriguez was in possession of more than eight ounces of cocaine, including approximately thirteen small baggies of cocaine, packaged for distribution. However, the state's case was not solely based on the quantity of drugs seized from the defendant; Rodriguez was arrested while attempting to deliver cocaine to Austin. The defendant met Austin for the express purpose of delivering cocaine; and, when he arrived, he carried the contraband to Austin's car. Although Rodriguez was unable to complete the sale, the evidence established that he intended to do so. Accordingly, we are satisfied that the trial justice properly denied the defendant's motion for acquittal on the charge of possession of cocaine with intent to deliver.

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The papers in the case may be remanded to the Superior Court.