**Supreme Court**

No. 2014-252-C.A.

(P2/12-475A)

State                              :

v.                              :

Francisco Maria.                              :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                                    :

v.                                    :

Francisco Maria.                          :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.**  The defendant, Francisco Maria, was found guilty by a jury of possession of cocaine with intent to deliver.  He now appeals from the judgment of conviction sentencing him to a term of fifteen years' incarceration, with five years to serve and ten years suspended, with probation.  He argues that the trial justice erred by denying his motion for judgment of acquittal as well as by not instructing the jury on the lesser-included offense of simple possession.  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

**I**

**Facts and Procedural History**

On February 7, 2012, defendant was charged with one count of possessing cocaine with the intent to deliver it.  The defendant was tried by a jury over three consecutive days in March

and April 2014 in the Providence County Superior Court. The state presented six witnesses; their pertinent testimony and the evidence admitted at trial are summarized below.

In June 2011, Michael Naylor was a detective with a local Drug Enforcement Agency (DEA) task force. Sergeant Naylor[1] testified that, during May and June 2011, he conducted surveillance of an apartment building located on First Avenue in East Greenwich. Sergeant Naylor testified that, on June 1, 2011, he observed a "Hispanic male arrive in a gold Acura," enter the specific apartment under surveillance, "stay[] for awhile," and then exit the apartment with a female who had been the target of the surveillance at that apartment. Sergeant Naylor identified defendant as the Hispanic male whom he had seen at the apartment building on First Avenue on June 1, 2011. However, Sgt. Naylor also testified that, on June 1, 2011, he had not known defendant's identity. To ascertain the identity of the Hispanic male he had observed at the East Greenwich apartment building, Sgt. Naylor testified, he had "requested that one of the East Greenwich police officers stop the vehicle and identify the driver." Sergeant Naylor admitted that defendant's vehicle was subsequently pulled over using a "pretext stop" for the sole purpose of ascertaining defendant's identity. He further testified that he subsequently confirmed that the gold Acura was registered to defendant and that defendant owned residential property located on Montgomery Avenue in Providence (the target property). Sergeant Naylor also testified that, from May 18, 2011, through June 2011, he observed defendant at the East Greenwich property approximately fifteen times and that he was in contact with detectives from the Cranston Police Department during the surveillance operations conducted in June 2011. Sergeant Naylor also testified that the female target of the East Greenwich apartment's surveillance drove a Nissan Maxima.

---

[1] At the time of the trial, Sgt. Naylor was working as a police sergeant with the patrol division of the Newport Police Department.

Warren Henseler, a detective in the special investigations unit of the Cranston Police Department and a member of the Federal Bureau of Investigation's "Safe Streets Violent Crimes Task Force," testified that, in June 2011, he was investigating the distribution of cocaine in the city of Providence. On June 3, 2011, based on information received from a confidential informant (CI), Det. Henseler conducted undercover surveillance of the target property. Detective Henseler testified that, during the surveillance, he saw an individual known to him as Michael White exit a vehicle that was driven by the CI and parked near the target property. Detective Henseler saw White meet with defendant in front of the house, walk up the driveway towards the house, then disappear from his view for approximately five minutes before both men returned to the detective's line of vision. Detective Henseler further testified that he then saw White depart in the vehicle driven by the CI and defendant remain at the target property. Detective Henseler testified that he had seen defendant and White walk and talk only, and that he had not observed an actual transaction for the sale of drugs. When the vehicle with the CI and White drove away from the target property, Det. Henseler followed it to the City of Warwick. Detective Henseler testified that White was dropped off at a residence and that he continued following the CI's vehicle to the DEA's office in Providence.

Ronald Fuoroli, a detective in the narcotics unit of the Cranston Police Department, testified regarding his undercover surveillance of the target property on June 23, 2011. Detective Fuoroli testified that he saw defendant arrive at the target property in a gold Acura, park across the street, and walk up the driveway towards the house with a cooler on his shoulder. Detective Fuoroli further testified that he saw defendant leave the target property half an hour later in the same vehicle, then return to the target property approximately five minutes later. Detective Fuoroli then saw defendant exit the gold Acura and meet up with White—who had arrived in a

vehicle driven by a CI shortly before defendant returned. The two men met on the street, then proceeded to walk together up the driveway of the target property towards the house. Detective Fuoroli lost sight of the two men for "two to three minutes" before White reappeared into his view and White and the CI drove away. After White and the CI drove away, Det. Fuoroli observed defendant departing in the gold Acura. Detective Fuoroli further testified that he followed the gold Acura and he saw the vehicle pull over to the side of a road where he met with someone in "either a green or gray Maxima."

Kevin Antonucci, a detective sergeant and commanding officer of the narcotics unit with the Cranston Police Department, testified about the execution of a search warrant for the target property on June 29, 2011. Detective Antonucci testified that he was one of the law-enforcement officers who had conducted the search of the master bedroom in the residence. From the master bedroom, Det. Antonucci seized a passport issued by the Dominican Republic to defendant, bank statements with defendant's name and address, and a digital scale. From a dresser drawer, Det. Antonucci seized "nine clear plastic bags containing what [he] believed to be cocaine" as well as "some empty bags." Detective Antonucci also seized a "large machete-type knife" from under the bed. He further testified that he turned over all of the items seized to Det. Juan Robles of the Providence Police Department, who, according to Det. Antonucci, served as the "evidence custodian" during the execution of the search warrant. Although Det. Antonucci testified that he had searched for physical evidence or records of sale, he stated that he had not found any evidence of the actual sale of illegal substances such as ledgers or receipts.

Juan Robles, a police officer with the Providence Police Department's narcotics unit and part-time member of the DEA's task force, testified that he was also present on June 29, 2011, during the execution of the search warrant at the target property. Officer Robles testified that his

- 4 -

role during the execution of the search warrant was to "keep[] an eye on everybody while the search was being done, and at the same time try[] to speak with [defendant]." Officer Robles further testified that he observed a detective conduct a search of defendant's person and seize narcotics from defendant's pocket. One of the bags seized from defendant's pocket contained a straw within it. Officer Robles also testified that he performed a chemical field test on the narcotics seized from defendant's pocket and that the test result was positive for cocaine.

Michael Liberto, a principal forensic chemist at the Rhode Island Department of Health Forensic Drug Chemistry Laboratory, was the last witness to testify. Mr. Liberto was qualified to testify as an expert witness in the field of narcotics analysis and identification. He testified that the Providence Police Department had submitted a total of fourteen bags of suspected narcotics in July 2011 and that the suspected narcotics had tested positive for cocaine salts. Mr. Liberto further testified that the combined weight of the cocaine salts that he received from the Providence Police Department for testing totaled 33.43 grams.

At the close of the state's evidence, defendant moved for a judgment of acquittal on the basis that there was insufficient evidence of defendant's intent to deliver. After the trial justice summarized the evidence presented by the state for each of the elements required to prove the charge of possession of a controlled substance with intent to deliver, the trial justice denied defendant's motion, concluding that there was "sufficient evidence which a jury could find the [s]tate proved the four elements of this offense." The trial justice then heard defendant's objection to the state's previously submitted request to include "simple possession of cocaine" as a lesser-included offense in the instructions to the jury. The defendant objected to instructing the jury on this lesser-included offense because he had not anticipated the state's request during his preparation for trial and had focused his defense strategy on the sufficiency of the evidence

regarding the intent element of the offense charged. The trial justice acknowledged defendant's chosen trial strategy and denied the state's request.

The jury returned a guilty verdict on April 2, 2014, on the one charge of possession of cocaine with the intent to deliver it. On May 22, 2014, the trial justice sentenced defendant to fifteen years' imprisonment with five years to serve and ten years suspended, with probation, as well as drug abuse treatment, 200 hours of community service and a $5,000 fine. The defendant filed his notice of appeal on June 10, 2014. The judgment of conviction and commitment was entered on June 16, 2014.[2]

## II

## Issues on Appeal

## A

## Motion for Judgment of Acquittal

### 1. Standard of Review

Rule 29(a)(1) of the Superior Court Rules of Criminal Procedure provides that the trial justice shall order the entry of judgment of acquittal when "the evidence is insufficient to sustain a conviction" of one or more of the offenses charged. "In reviewing the denial of a motion for a judgment of acquittal, we apply the same standard as that applied by the trial justice; namely, we must view the evidence in the light most favorable to the state, * * * giv[e] full credibility to the state's witnesses, and draw therefrom all reasonable inferences consistent with guilt." State v. Gomez, 116 A.3d 216, 224-25 (R.I. 2015) (quoting State v. Rolon, 45 A.3d 518, 523 (R.I. 2012)). The trial justice's denial of the motion should be upheld when "the totality of the

---

[2] "Although defendant's notice[] of appeal [was] filed before the entry of judgment, 'this Court treats [it] as if [it] had been filed after the entry of judgment.'" State v. Jimenez, 33 A.3d 724, 731 n.10 (R.I. 2011) (quoting State v. Vargas, 21 A.3d 347, 352 n.9 (R.I. 2011)).

evidence so viewed and the inferences so drawn would justify a reasonable juror in finding a defendant guilty beyond a reasonable doubt * * *." Id. at 225 (quoting State v. Snow, 670 A.2d 239, 243 (R.I. 1996)); see also State v. Cipriano, 21 A.3d 408, 420 (R.I. 2011).

## 2. Discussion

The defendant argues that the trial justice erred by denying his motion for judgment of acquittal at the close of the state's evidence because the state failed to present sufficient evidence of defendant's intent to deliver. The defendant was convicted of violating G.L. 1956 § 21-28-4.01(a)(1), which states in pertinent part that "it shall be unlawful for any person to * * * possess with intent to * * * deliver a controlled substance." We have previously stated that, pursuant to this statute, an individual is guilty of possession of a controlled substance with intent to deliver when the state proves beyond a reasonable doubt that "a defendant was in possession of drugs, had the requisite control over them, and intended to deliver the drugs to others." State v. Oliveira, 882 A.2d 1097, 1112 (R.I. 2005) (quoting State v. Williams, 656 A.2d 975, 978 (R.I. 1995)). Since defendant's appeal from the denial of his motion for a judgment of acquittal is based solely on his assertion that the state provided insufficient evidence of the intent element of the crime charged, we will limit our review of the evidence to that from which a jury could have inferred that defendant intended to deliver the cocaine found in his possession. See Rolon, 45 A.3d at 524.

With respect to the intent element of defendant's charge, we have previously held that a jury may "infer an intent to deliver illegal narcotics solely on the basis of the amount of the drugs found." State v. Rodriguez, 10 A.3d 431, 435 (R.I. 2010) (quoting Williams, 656 A.2d at 978). Nevertheless, we have also deemed 34.5 grams of cocaine, without any other evidence of intent to deliver, such as scales or packaging materials, to be insufficient to sustain a conviction for

possession with intent to deliver. State v. Eiseman, 461 A.2d 369, 381, 383 (R.I. 1983), abrogated on other grounds by, Horton v. California, 496 U.S. 128 (1990). "By so holding, however, we in no way intimate[d] that possession of a large amount of a controlled substance may not suffice to justify an inference of intent to deliver beyond a reasonable doubt." Id. at 383.

We also bear in mind that "circumstantial and direct evidence should be given equal weight." State v. Brown, 9 A.3d 1232, 1237 (R.I. 2010) (quoting State v. Wilshire, 509 A.2d 444, 452 (R.I. 1986)). Accordingly, we have held that, when "police conducted surveillance of [a] defendant and observed individuals arriving at [the] defendant's apartment, staying for a few moments, and then leaving," "were aware that neighbors had complained about visitors coming and going from the apartment at all hours," and had "two confidential informants [telling them] that [the] defendant was selling crack cocaine at his apartment," "combined with [thirty-seven] individually wrapped cocaine packets seized from the defendant's apartment," there was sufficient evidence to withstand a motion to dismiss for lack of probable cause on a charge for possession of a controlled substance with intent to deliver. State v. Reed, 764 A.2d 144, 147 (R.I. 2001).

Here, five law enforcement officers who were directly involved in the investigation of defendant and one expert in the field of narcotics analysis and identification testified during the trial. Two of the law enforcement officers testified to observing defendant meeting with the same individual on two separate days outside of defendant's residence and then disappearing from view for only a few minutes before that individual departed. One of the law enforcement officers testified that, on approximately fifteen occasions in less than a two-month period, he had observed defendant visiting an apartment in East Greenwich that had been under investigation for selling narcotics. In addition, the exhibits presented at trial included a digital scale, nine clear

plastic bags containing cocaine and some empty clear plastic bags that had been seized from defendant's bedroom during the execution of the search warrant at defendant's residence. The state also presented a bag of cocaine with a straw inside that had been seized from defendant's pocket during the search of his house as an exhibit. The expert witness testified that the substances submitted to the state laboratory all tested positive for cocaine salts. Based on the expert witness's testimony regarding the weight of cocaine that had been seized from both defendant's person and from his dresser drawer during the execution of the search warrant and subsequently submitted for testing, the total weight of cocaine seized during the search on June 29, 2011 was 33.43 grams. According to testimony from Det. Antonucci that one gram of cocaine had an estimated street value of $100, approximately $3,300 worth of cocaine was seized from defendant and his residence during the search.

Reviewing all of the testimony and considering the direct and circumstantial evidence in the light most favorable to the state, giving full credibility to the state's witnesses, and drawing all reasonable inferences consistent with guilt, we conclude that the state presented sufficient evidence from which a reasonable juror could find beyond a reasonable doubt that defendant intended to deliver the cocaine. See Gomez, 116 A.3d at 225. We therefore discern no error in the trial justice's denial of defendant's motion for judgment of acquittal.

**B**

**Jury Instructions**

Notwithstanding defendant's objection during trial to the state's request to instruct the jury on the lesser-included offense of possession of cocaine, defendant also argues before us that the trial justice erred by failing to instruct the jury on this lesser-included offense. The state replies that this issue is waived because defendant objected to this instruction during trial and the

trial justice accordingly denied the state's request. According to Rule 30 of the Superior Court Rules of Criminal Procedure, "[n]o party may assign as error any portion of the [jury instructions] or omission therefrom unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the party's objection." We have previously commented that "[t]he purpose of Rule 30 is to notify the trial justice, with clarity and specificity, of any deficiencies in the [jury instructions] so that the alleged error may be cured before the jury retires for deliberations." State v. Gautier, 950 A.2d 400, 415 (R.I. 2008) (quoting State v. Brown, 898 A.2d 69, 83 (R.I. 2006)). "As a result, 'if an objection to a jury instruction is not effectively raised below, it is waived on appeal.'" Id. (quoting State v. Crow, 871 A.2d 930, 935 (R.I. 2005)).

The defendant's argument before us provides an unusual twist on our long-established raise-or-waive rule. Here, the issue was thoroughly discussed during the trial after the defendant objected to the state's request to include simple possession of cocaine as a lesser-included offense in the jury's instructions. The record before us reflects that, since trial, the defendant has completely reversed his position regarding the desirability of the lesser-included offense of simple possession. As such, this issue is not properly before us for review, and we decline to consider the defendant's argument on its merits.

## III

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be returned to the Superior Court.



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**      State v. Francisco Maria.

**CASE NO:**      No. 2014-252-C.A.
      (P2/12-475A)

**COURT:**      Supreme Court

**DATE OPINION FILED:**  February 24, 2016

**JUSTICES:**      Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**      Chief Justice Paul A. Suttell

**SOURCE OF APPEAL:**      Providence County Superior Court

**JUDGE FROM LOWER COURT**:

      Associate Justice Stephen P. Nugent

**ATTORNEYS ON APPEAL:**

      For State:  Virginia M. McGinn
           Department of Attorney General

      For Defendant:  Lara E. Montecalvo
           Office of the Public Defender